

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 14, 2020.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

___

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-50102-cag |
| | § | |
| STEVEN JEFFREY CYR, | § | |
| | § | |
| Debtor. | § | CHAPTER 7 |
| | | |
| KEY EQUIPMENT FINANCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | ADVERSARY NO. 19-05008-cag |
| V. | § | |
| | § | |
| STEVEN JEFFREY CYR and | § | |
| LEANN MARY CYR, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION DENYING STEVEN JEFFREY CYR'S MOTION TO DISQUALIFY LESLIE LUTTRELL AS COUNSEL FOR KEY EQUIPMENT FINANCE (ECF NO. 35)**

On December 31, 2019, Defendants filed Steven Jeffery Cyr's Motion to Disqualify Leslie Luttrell as Counsel for Key Equipment Finance (ECF No. 35) (the "Motion to Disqualify"). On January 22, 2020, Plaintiff filed Key Equipment Finance's Response to Cyr's Motion to Disqualify

Leslie Luttrell as Counsel (ECF No. 37) (the "Response"). On January 28, 2020, the Court held a hearing on the Motion to Disqualify where both parties presented evidence and argument, and ultimately took the matter under advisement. After considering the parties' pleadings, arguments, and evidence presented, the Court finds that the Motion to Disqualify should be DENIED without prejudice to refiling at a later date.

## JURISDICTION AND VENUE

As an initial matter, the Court finds it has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding as defined under 28 U.S.C. § 157(b)(2)(J). Venue is proper under 28 U.S.C. § 1409(a). This matter is referred to the Court pursuant to the District's Standing Order of Reference. The Court makes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

On December 22, 2016—prior to the filing of the underlying bankruptcy case—Key Equipment Finance ("Key" or "Plaintiff") obtained a summary judgment against Debtor and Debtor's wholly owned entity, Orthopedic & Spine Institute, LLC ("OSI"). (ECF No. 35, at ¶ 7). The judgment was entered in Bexar County District Court, 166th Judicial District for the sum of $361,756.66, plus interest of $12,409.28 and attorneys' fees in the amount of $35,558.00 (the "Judgment"). (*Id.*) On February 1, 2017, Key abstracted the Judgment under Document No. 20170020137 and recorded at Book 18338, Page 474–75 of the Real Property Records of Bexar County, Texas. (*Id.* at ¶ 8). After the Judgment was abstracted, Key alleges Debtor began negotiating with Key in an effort to satisfy his obligations and the obligations of OSI. Debtor and

OSI employed counsel to negotiate an agreement to satisfy the Judgment. (*Id.* at ¶ 9). Debtor alleges that all negotiations between OSI, Debtor, and Key were conducted directly with Key's counsel in this action—Leslie Luttrell. (*Id.*).

On January 20, 2018, Debtor filed for bankruptcy in this Court (the "Main Bankruptcy"). (Case No. 18-50102, ECF No. 1). On February 25, 2019, Key filed an adversary complaint (ECF No. 1) (the "Original Complaint") against Debtor and his wife Leann Mary Cyr ("Ms. Cyr") (collectively "Defendants"). The Original Complaint contained four causes of action, including a claim under the Texas Uniform Fraudulent Transfer Act ("TUFTA Claim"), two causes of action under 11 U.S.C. § 523[1] (one cause under § 523(a)(2)(A) and one cause under § 523(a)(2)(B)), and a cause of action under § 727 ("727 Claim"). On March 14, 2019, Key filed an Amended Complaint (ECF No. 6) (the "Amended Complaint"). On November 5, 2019, Key filed its Second Amended Complaint (ECF No. 25) (the "Second Amended Complaint") which abandoned the TUFTA Claim and the 727 Claim. On November 19, 2019, Debtor filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) (ECF No. 28) seeking dismissal of Key's claim under § 523(a)(2)(A) ("12(c) Motion").On December 10, 2019, Key filed a response to Debtor's 12(c) Motion, in which it abandoned its first and original claim under § 523(a)(2)(A). (*See* ECF No. 29, at ¶ 1.02) ("the claim for relief asserted under §523(a)(2)(A) is abandoned"). As a result, Key's only remaining claim in this adversary case is under § 523(a)(2)(B). Leslie Luttrell has served as Key's counsel throughout the state court case, main bankruptcy case, and this adversary proceeding. Based on representations made during the hearing held January 28, 2020, Defendants

---

1 References to "section" or "§" refer to Title 11, United States Code, unless expressly stated otherwise.

3

seek to disqualify Leslie Luttrell as counsel for Key in the adversary proceeding only. Defendants do not seek disqualification of Luttrell's firm Luttrell + Carmody Law Group from either the adversary proceeding or Main Bankruptcy.

### PARTIES' CONTENTIONS

Defendants allege all representations made to Key in connection with the Judgment or resolution of the Judgment were provided or made directly to Key's counsel—Leslie Luttrell. (ECF No. 35, at ¶ 1) Defendants further allege that neither Cyr, nor anyone acting on his behalf, had any interactions with the officers, directors, or other employees of Key or any other counsel or agent of Key. (*Id*., at ¶ 9). As such, Defendants allege that "for all intents and purposes related to the negotiation of the [Post Judgment Agreement], and settlement of Key's claims generally, Ms. Luttrell was Key." (*Id*., at ¶ 14). As such, Defendants claim that Luttrell is "a material and in fact, the *only* witness that Key can proffer . . . [and] As a result, Ms. Luttrell should be disqualified from acting as Key's counsel in this case." (*Id*., at ¶ 16).

In response, Plaintiff alleges Defendants' Motion to Disqualify fails due to Plaintiffs' failure to establish: (1) a genuine need for Luttrell's testimony, (2) that Luttrell's testimony goes to an essential fact in the case, and (3) that if Luttrell were called as a witness the dual roles as attorney and witness will cause Defendants actual prejudice. (ECF No. 37, at ¶¶ 1–2). Moreover, Key alleges that Defendants' Motion to Disqualify is merely a "tactical weapon" and attempt to deprive Key of its right to its counsel of choice. (*Id.*)

4

**ARGUMENT**

**A. Legal Standards For Assessing Motions To Disqualify**

Attorney disqualification is a harsh penalty not to be undertaken lightly. *See **FDIC v. U.S. Fire Ins. Co.**,* 50 F.3d 1304, 1313 (5th Cir. 1995) ("Depriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration."). At the outset it is important to note that the burden of proof rests with the party seeking disqualification. ***In re Am. Airlines, Inc.***, 972 F.2d 605, 614 (5th Cir. 1992); *see also **In re Sanders***, 153 S.W.3d 54, 57 (Tex. 2004); ***In re Sandoval***, 308 S.W.3d 31, 34 (Tex. App.—San Antonio 2009, no pet.). Moreover, "[m]otions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law." ***In re Dresser Indus., Inc.**,* 972 F.2d 540, 543 (5th Cir. 1992). The Fifth Circuit considers four legal standards relevant to resolving motions to disqualify: (1) the Court's Local Rules; (2) the American Bar Association's Model Rules of Professional Conduct; (3) the ABA's Model Code of Professional Responsibility; and (4) the state rules of professional conduct. ***Horaist v. Doctor's Hosp. of Opelousas**,* 255 F.3d 261, 266 (5th Cir. 2001).

In the Fifth Circuit, courts initially look to the applicable local rules when considering motions to disqualify. ***FDIC v. U.S. Fire Ins. Co.***, 50 F.3d at 1312. The Western District of Texas's Local Rules adopt the Texas Disciplinary Rules of Professional Conduct (the "Texas Rules") as the standard of professional conduct before Western District Courts.[2] Nevertheless, the Texas

---

2 The Western District of Texas Local Rules state:

> Members of the bar of this court and any attorney permitted to practice before this court must comply with the standards of professional conduct set out in the Texas Disciplinary Rules of Professional

5

Rules "are not the sole authority governing a motion to disqualify" in federal cases. ***In re Am. Airlines, Inc.***, 972 F.2d at 610. Because the Fifth Circuit also recognizes the American Bar Association Model Rules of Professional Conduct (the "ABA Model Rules") as the national standard, this Court will apply relevant portions of both the ABA Model Rules and the Texas Rules in its analysis. ***In re ProEducation Int'l, Inc.***, 587 F.3d 296, 299 (5th Cir. 2009). Fortunately, ABA Model Rule 3.07 and Texas Rule 3.08 are similar in form and function. *See* ***Spencer v. BMW of N. Am., LLC***, 5:14-CV-00869-DAE, 2015 WL 3936211, at *2 (W.D. Tex. June 26, 2015).

   **i. ABA Model Rule 3.7(a) and Texas Disciplinary Rule 3.8**

Model Rule 3.7(a) provides: "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a *necessary* witness . . . ." **Model Rules of Prof'l Conduct r. 3.7(a)** (Am. Bar Ass'n 2020) (emphasis added). Similarly, Texas Rule 3.08(a) provides: "[a] lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness *necessary* to establish an essential fact on behalf of the lawyer's client . . . ." **Tex. Disciplinary Rules Prof'l Conduct R. 3.08(a)**, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013) (emphasis added). Accordingly, the issue at hand is whether Plaintiffs met their

---

  Conduct, Texas Government Code, Title 2, Subtitle G, App. A, art. X, sec. 9 (Vernon) which are hereby adopted as the standards of professional conduct of this court. This specification is not exhaustive of the standards of professional conduct. For matters not covered by the Texas rules, the American Bar Association's Model Rules of Professional Conduct should be consulted.

*Standards of Professional Conduct*, W.D. Tex. Local. R. AT-7(a).

burden to establish that Leslie Luttrell—Counsel for Key Equipment Finance—will be a necessary witness at trial.

### ii.     Qualifications For "Necessary Witnesses"

When an attorney's testimony is merely cumulative or capable of corroboration by other witnesses, the attorney is not "likely to be a necessary witness" under Model Rule 3.7(a). *See United States v. Starnes,* 157 F. App'x 687, 694 (5th Cir. 2005) (holding the lead prosecutor was not a necessary witness because the prosecutor did not observe anything that was not observed by another agent). Moreover, the Fifth Circuit has held an attorney was not a necessary witness because all information was available from other sources. *Horaist*, 255 F.3d at 267. Conversely, a district court within the Western District held an attorney was a necessary witness when "there [was] no other party that [could] testify to such facts[.]" *Spencer v. BMW of N. Am., LLC*, 2015 WL 3936211, at *3.

State courts apply the Texas Rules similarly. Under Texas Rule 3.08(a), the movant must show the attorney's testimony is "necessary to establish an essential fact on behalf of the [non-movant attorney's] client," and the movant must explain why "other sources revealed in the record"—such as the testimony of other witnesses or other pertinent records in evidence—are insufficient. **Tex. Disciplinary Rules Prof'l Conduct R. 3.08(a)**; *see also In re Sanders*, 153 S.W.3d at 57 (holding that the movant failed to establish that an attorney's testimony was necessary to establish details in the husband's employment schedule when the information was reflected in the record); *In re Sandoval***,** 308 S.W.3d at 34 (explaining that because there were multiple witnesses at the signing of the agreement, the attorney's testimony was not necessary to

establish the essential fact). Accordingly, when deciding whether disqualification is necessary, a court should determine whether other witnesses are available to testify to the information or whether the attorney is the sole source of material information. ***Warrilow v. Norrell***, 791 S.W.2d 515, 523 (Tex. App.—Corpus Christi 1989, writ denied).

### B. Defendants Failed To Meet Their Burden To Establish Luttrell Will Be A Necessary Witness At Trial.

At the hearing, Defendants' counsel elicited extensive testimony from Leslie Luttrell concerning information she might provide at trial—specifically information concerning the reasonableness of reliance on information provided to her client during the negotiation of the settlement agreement on the Judgment between Key, Debtor, and OSI. The Court finds Luttrell testified credibly, and that her testimony concerns information that is both material and necessary to Defendants' defense. Nevertheless, Defendants failed to present any evidence that the information Luttrell provided about the reasonableness of reliance would be obtainable only through Luttrell's testimony at trial. Moreover, Luttrell credibly testified that she was not Key's decision maker nor sole witness through whom testimony regarding reasonableness of reliance could be established.

Nevertheless, the Court does not accept Plaintiff's argument that Defendants' attempt to disqualify Luttrell is merely a "tactical weapon", "dilatory trial tactic", or frivolous. (*see* ECF No. 37, at ¶¶ 1–2, 4.12). While the Main Bankruptcy was initiated January 20, 2018, the Original Complaint in this adversary proceeding was only filed February 25, 2019. Defendants' Motion to Disqualify was filed within the same year, and prior to either party conducting discovery. Simply stated, Defendants' motion is premature. Discovery will shed further light on whether Luttrell is

8

the sole witness capable of testifying to essential elements of Defendants' defense. Fortunately, Luttrell rightly acknowledged at the hearing that if that is the case, the ABA Model Rules and Texas Rules place the onus on her to withdraw.

## CONCLUSION

For the reasons stated herein, Steven Jeffery Cyr's Motion to Disqualify Leslie Luttrell as Counsel for Key Equipment Finance (ECF No. 35) is DENIED without prejudice to refiling at a later date. An Order consistent with the Court's Memorandum Opinion will be entered separately. All other relief is DENIED.

# # #