

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 10, 2020.**

_____
 **CRAIG A. GARGOTTA
 UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-50102-CAG |
| | § | |
| STEVEN JEFFREY CYR, | § | |
| | § | |
| Debtor. | § | CHAPTER 7 |

| | | |
|---|---|---|
| KEY EQUIPMENT FINANCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | ADVERSARY NO. 19-05008-CAG |
| V. | § | |
| | § | |
| STEVEN JEFFREY CYR and | § | |
| LEANN MARY CYR, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER GRANTING STEVEN JEFFREY CYR'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 28)

On November 19, 2019, Defendants filed Steven Jeffery Cyr's Motion For Judgment On the Pleadings (ECF No. 28) (the "12(c) Motion"). On December 10, 2019, Plaintiff filed Key Equipment Finance's Response to Motion of Jeffrey [SIC] Cyr for Judgment on the Pleadings

(ECF No. 29) (the "Response"). On May 20, 2020, the Court held a hearing on the 12(c) Motion, and took the matter under advisement. After considering the parties' pleadings and arguments presented, the Court finds the 12(c) Motion should be GRANTED.

## JURISDICTION AND VENUE

As an initial matter, the Court finds it has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding as defined under 28 U.S.C. § 157(b)(2)(J). Venue is proper under 28 U.S.C. § 1409(a). This matter is referred to the Court pursuant to the District Court's Standing Order of Reference.

## BACKGROUND

On December 22, 2016—prior to the filing of the underlying bankruptcy case—Key Equipment Finance ("Key" or "Plaintiff") obtained summary judgment against Steven Jeffrey Cyr ("Debtor" or "Defendant") and Debtor's wholly owned entity, Orthopedic & Spine Institute, LLC ("OSI"). (ECF No. 35, at ¶ 7). Judgment was entered in Bexar County District Court, 166th Judicial District for the sum of $361,756.66, plus interest of $12,409.28 and attorney's fees in the amount of $35,558.00 (the "Judgment"). (*Id.*) On February 1, 2017, Key abstracted the Judgment under Document No. 20170020137 and recorded at Book 18338, Page 474–75 of the Real Property Records of Bexar County, Texas. (*Id.* at ¶ 8). After the Judgment was abstracted, Key and Debtor entered a Post Judgment Agreement ("PJA") to satisfy the Judgment. (*Id.* at ¶ 9).

On January 20, 2018, Debtor filed for bankruptcy in this Court (the "Main Bankruptcy"). (Case No. 18-50102, ECF No. 1). On February 25, 2019, Key filed its adversary complaint (ECF No. 1) (the "Original Complaint") against Debtor and his wife Leann Mary Cyr ("Ms. Cyr")

(collectively "Defendants"). The Original Complaint contained four causes of action: (1) a claim under the Texas Uniform Fraudulent Transfer Act ("TUFTA Claim"); (2) a claim under 11 U.S.C. § 523(a)(2)(A).[1]; (3) a claim under § 523(a)(2)(B); and (4) a claim under § 727 ("727 Claim"). On March 14, 2019, Key filed its Amended Complaint (ECF No. 6) (the "Amended Complaint"). On November 5, 2019, Key filed its Second Amended Complaint (ECF No. 25) (the "Second Amended Complaint") which abandoned the TUFTA Claim and the 727 Claim. On November 19, 2019, Debtor filed its 12(c) Motion seeking: (1) dismissal of Key's claim under § 523(a)(2)(A), and (2) dismissal of Key's claims for attorney's fees. (ECF No. 28, at p. 7). On December 10, 2019, Key filed its Response and abandoned its claim under § 523(a)(2)(A). (*See* ECF No. 29, at ¶ 1.02) ("the claim for relief asserted under § 523(a)(2)(A) is abandoned"). As a result, Key's only remaining claim in this adversary case is under § 523(a)(2)(B). Accordingly, the only issue left for the Court to decide under the 12(c) Motion is whether to dismiss Key's claims for attorney's fees. (ECF No. 28, at p. 7).

## PARTIES' CONTENTIONS

Defendants alleges there is no basis for recovering Plaintiff's attorney's fees incurred during the prosecution of the above-captioned adversary proceeding because Plaintiff has pled no statutory or contractual basis for recovering attorney's fees. (ECF No. 28, ¶ 14). Notably, Defendant does not challenge Plaintiff's attorney's fees arising under the PJA—only Plaintiff's fees incurred while prosecuting this adversary proceeding.

---

[1] All section references hereinafter shall refer to 11 U.S.C. unless stated otherwise.

3

In response, Plaintiff argues it is permitted to recover attorney's fees under Tex. Civ. Prac. & Rem. Code § 38.001 because "[t]he breach of the agreement, which would not have existed but for the material misrepresentations and omissions by [Defendant], forms the basis for the contractual collection effort evidenced by the pending dischargeability litigation." (ECF No. 29, ¶ 2.04).[2] Moreover, because creditor SNH NS MTG Properties 2 Trust has a pending claim under § 727 in Case No. 19-05009-CAG (the "SNH Adversary"), Plaintiff alleges that any determination regarding attorney's fees is premature and should be reserved.[3] (ECF No. 29 at ¶ 2.05). Plaintiff argues that if Defendant is denied his discharge under the SNH Adversary, any benefits of protections under Title 11 are not available to Defendant and collection of all sums due and payable under applicable state law—including Tex. Civ. Prac. & Rem. Code § 38.001(8)—would be available to Plaintiff and Defendant's other creditors. (ECF. No. 29 at ¶ 2.05).

## ANALYSIS

Allowance of attorney's fees and dischargeability of attorney's fees are different matters. Before determining whether attorney's fees are dischargeable, the Court must first consider whether Plaintiff has a legal basis for recovering its attorney's fees for prosecuting the case. The

---

2 Section 38.001(8) states: "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: . . . (8) an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(8).

3 Determining the *amount* of allowed and non-dischargeable attorney's fees prior to trial would be premature. Nevertheless, this is not Defendant's request. Rather, Defendant requests the Court determine as a matter of law that Plaintiff cannot recover its attorney's fees because Plaintiff lacks an applicable "fee shifting" provision under contract or statute. Fed. R. Bankr. Proc. 7054 which incorporates Fed. R. Civ. Proc. 54 fixes a time for filing applications for attorney's fees. Fed. R. Civ. P. 54(d)(2)(B)(i). Nothing in Fed. R. Bankr. Proc. 7054, Fed. R. Civ. Proc. 54, or L.R. 7054 prohibit the Court from making the determination at hand. As discussed herein, regardless of Plaintiff's outcome at trial, or the outcome of the SNH Adversary—without a contractual or statutory "fee shifting provision"—Plaintiff cannot recover its attorney's fees for prosecuting this adversary proceeding.

generally accepted rule—referred to as the "American Rule"—requires each party pay its own attorney's fees arising out of litigation. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Nevertheless, contractual and statutory "fee shifting" exceptions exist. *Id.* at 263; *Key Tronic Corp. v. United States,* 511 U.S. 809, 819 (1994); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). Accordingly, for Plaintiff to recover its attorney's fees accrued in prosecuting this Adversary Proceeding, Plaintiff must have a basis for recovering fees under contract or statute. As set forth below, the Court finds Plaintiff lacks a contractual or statutory basis for recovering attorney's fees. Therefore, the Court finds Defendant's 12(c) Motion should be granted.

### A. Legal Standards For Attorney's Fees Under § 523(a)(2)(B).

Generally, each party pays its own attorney's fees arising out of litigation brought under § 523 unless a contractual or statutory "fee shifting" provision states otherwise. *Schwertner Backhoe Serv., Inc. v. Kirk (In re Kirk)*, 525 B.R. 325, 330 (Bankr. W.D. Tex. 2015). If a creditor has statutory or contractual grounds by which it can recover attorney's fees in a nondischargeability case, then such fees are are recoverable and nondischargeable if the fees "arise from" or "are on account of" the conduct resulting in a nondischargeable debt. *Id*. at 330–31 (citing *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998)). In *Cohen,* the Supreme Court held that nondischargeable "debt" in a proceeding under § 523(a)(2)(A) encompasses not only the debt created by a misrepresentation, but also punitive damages and an award of attorney's fees. 523 U.S. at 223. Specifically, in *Cohen* the Supreme Court reasoned that the language "[d]ebt for" as written in § 523 includes not only the nondischargeable judgment amount but also the "debt arising

5

from" and "debt on account of . . ." the misconduct giving rise to the judgment. *Id.* at 220. In other words, the word "debt" includes any form of loss or damage that can be causally linked to the conduct that gives rise to the "debt" that is excepted from discharge. ***Light v. Whittington (In re Whittington)***, Adv. No. 13-01121, 2014 WL 4163589, at *14–15 (Bankr. W.D. Tex. Aug. 20, 2014).

Although the Fifth Circuit case law on "fee-shifting" provisions pre-dates *Cohen*, it is entirely consistent. In ***Jordan v. Southeast National Bank (In re Jordan)***, the Fifth Circuit held creditors can recover attorney's fees if there is a contractual or statutory right to fees under state law. 927 F.2d 221, 226–27 (5th Cir. 1991) *overruled on other grounds*, ***Coston v. Bank of Malvern (In re Coston)***, 991 F.2d 257 (5th Cir. 1993). The court then held that the attorney's fees granted under a loan document were nondischargeable, stating: "[section] 523(a)(2)(B) excepts from discharge the whole of any debt incurred by use of a fraudulent financial statement, and such a debt includes state-approved contractually required attorney's fees." *Id.* at 227. The Fifth Circuit in ***Luce v. First Equip. Leasing Corp. (In re Luce)*** followed *Jordan* in holding attorney's fees could be awarded in a nondischargeability case if authorized by pre-petition agreement. 960 F.2d 1277, 1285–86 (5th Cir. 1992).

As noted, *Jordan* found fees recoverable by contract nondischargeable where the debt related to the contract was ruled nondischargeable. *Jordan*, 927 F.2d at 227. Similarly, in ***Horton v. Robinson (In re Horton)*** the Fifth Circuit stated that "[a]ttorneys' fees are non-dischargeable under section 523 when they 'stem from the same basis' as the non-dischargeable debt." No. 95-10023, 1996 WL 255304, at *5 (5th Cir. May 3, 1996). In *Horton*, the debt at issue was

6

nondischargeable as a breach of fiduciary duty, but the attorney's fees at issue were awarded for litigating a breach of contract claim. *Id*. Because the debt and the award of attorney's fees did not "stem from the same basis," the court denied dischargeability of the fees. *Id.* Although worded differently, this matches *Cohen*'s requirement that the attorney's fees must be "aris[e] from" or be "on account of" the conduct resulting in the nondischargeable debt. *Id.*

Here, Plaintiff does not rely on a "fee shifting" provision provided by contract or a pled statute. Neither party disputes that the contract at issue in this case—the PJA—lacks a fee shifting provision. Moreover, the Bankruptcy Code is silent regarding attorney's fees incurred in prosecuting a nondischargability action under § 523(a)(2)(B). The issue then becomes whether Plaintiff can rely on Tex. Civ. Prac. & Rem. Code § 38.001(8)—a "fee shifting" provision Plaintiff has not pled. (*See* ECF Nos. 1, 6, 25). The answer is no.

In the instant case, Plaintiff argues "Section 38.001 of the Texas Civil Practice and Remedies Code permits the recovery of attorneys' fees in breach of contract actions." (ECF No. 29 at ¶ 2.01). Notably, after its third round of pleadings, Plaintiff has never pled a cause of action for breach of contract. Moreover, Plaintiff's only remaining theory of recovery is under § 523(a)(2)(B)—which does not provide for attorney's fees. (ECF No. 29 at ¶ 1.02).

Nevertheless, Plaintiff relies on *Kirk* to argue that "where attorney's fees incurred by a creditor in pursuit of a determination of nondischargeabilty of a debt 'arise from' or are incurred 'on account of' the conduct resulting in the nondischargeable debt, then the attorney's fee award is likewise nondischargeable." (ECF No. 29 at ¶ 2.03) (citing 525 B.R. 325 (Bankr. W.D. Tex. 2015)). Plaintiff's understanding of *Kirk* is incorrect.

In *Kirk*, the court made two essential findings: (1) some of Plaintiff's attorney's fees were allowed because they arose under a Texas Statute with a "fee shifting" provision; and, (2) the allowed attorney's fees were nondischargeable "as they ar[o]se from or are on account of conduct that result[ing] in a nondischargeable debt." 525 B.R. at 327. Moreover, the court carefully noted that "only fees that are allowed . . . can be included within the debt excepted from discharge." *Id.* at 338. In other words, whether attorney's fees are dischargeable or not is only at issue if the fees are first allowed.

In *Kirk*, the defendants conceded the nondischargeabilty of the underlying debt under § 523(a)(4). *Id*. at 329. "As a result, the sole issue at trial was the amount and nondischargeability of the attorney's fees . . . ." *Id*. at 329–30. In deciding, the court only reached the issue of dischargability of attorney's fees after determining: (1) Tex. Civ. Prac. & Rem. Cod § 38.001(2) provides a "fee shifting" provision under which attorney's fees and costs are recoverable for labor performed; and, (2) which requested fees were allowed and disallowed. As mentioned, the defendant also sought but was denied fees under Section 38.001(2) for violations of the Texas Construction Trust Fund Act. *Id.* at 336. The court reasoned that the "Texas Construction Trust Fund Act itself contains no fee-shifting provision" and therefore fees incurred prosecuting claims under the Act were not allowed. *Id.* at 335. Ultimately, the court disallowed all fees sought under the Texas Construction Trust Fund Act, and allowed all but $675 of the requested attorney's fees under Tex. Civ. Prac. & Rem. Code § 38.001(2) for time entries without sufficient explanations. *Id*. at 338. The court then determined that all allowed attorney's fees were also nondischargeable. *Id.*

Nevertheless, *Kirk* also addressed the hypothetical outcome if plaintiff had sought fees for prosecuting the nondischargeabilty action for defalcation under § 523(a)(4). *Id.* at 336. In doing so, *Kirk* specifically foreclosed the exact argument Defendant now makes under *Cohen*. Notably, *Kirk* stated: "*Cohen* renders properly awarded fees nondischargeable; it does not provide an independent basis for awarding fees." *Kirk*, at 336. In other words, under § 523(a)(4) plaintiff in *Kirk* sought nondischargeability for defalcation—a cause of action with similar elements as a claim under the Texas Construction Trust Fund Act—a cause of action that lacks a "fee shifting" provision in Texas. *Id.* Accordingly, *Kirk* acknowledged that litigants cannot recover fees incurred while prosecuting a § 523 claim with similar elements to a Texas cause of action without a "fee shifting" provision.

The Court does not interpret *Cohen* to allow litigants to bootstrap "fee shifting" provisions in unpled statutes to § 523 claims with different elements.[4] Claims under § 523(a)(2)(B) do not sound in contract but fraud. Proving a claim under § 523(a)(2)(B) requires proving elements similar to common law fraud in Texas—a cause of action that does not allow for the recovery of

---

[4] At oral argument, Defendant relied on two cases from the United States Bankruptcy Court for the Southern District of Texas not previously cited in any of Defendant's pleadings: (1) *In re Hanna*, 603 B.R. 571 (Bankr. S.D. Tex. 2019); and, (2) *In re Rifai*, 604 B.R. 277 (Bankr. S.D. Tex. 2019) (the "Southern District Opinions"). *Hanna* and *Rifai* are distinguishable from the case at hand. Both cases found attorney's fees arising from the prosecution of claims under § 523 were nondischargeable because they arose out of the conduct at issue. *Hanna*, 603 B.R. at 598; *Rifai*, 604 B.R. at 336. Nevertheless, under both cases the plaintiffs were entitled to recover attorney's fees under an express contractual provision—no such provision exists here. *Hanna*, 603 B.R. at 598; *Rifai*, 604 B.R. at 334. Moreover, the Court disagrees with *Hanna* and *Rifai*'s understanding of the Supreme Court's holding in *Cohen*. *Cohen* addressed the dischargeability of treble damages under § 523(a)(2)(A), concluding that § 523(a)(2)(A) "bars the discharge of all liability arising from fraud." *Cohen*, 523 U.S. at 222. Notably, in *Cohen***,** the plaintiffs sought treble damages and attorney's fees under a New Jersey Consumer Fraud Act which expressly allowed for the recovery of treble damages and attorney's fees. *Cohen*, 523 U.S. at 215 (citing N.J. Stat. Ann. §§ 56:8–2, 56:8–19 (West 1989)). In other words, *Cohen* allowed for fees in prosecuting the § 523 claim because those same fees were available under the New Jersey Consumer Fraud Act. *Id.* That case is distinguishable.

9

attorney's fees. Here—unlike in *Cohen, Hanna*, and *Rifai*—Plaintiff lacks a contractual or statutory basis for recovering its attorney's fees.

As mentioned, the conduct for which Plaintiff complains sounds in fraud, not breach of contract. A claim under § 523(a)(2)(B) is not dissimilar from a cause of action for common law fraud or fraudulent inducement under Texas law.[5] Under § 523(a)(2)(B) the Bankruptcy Code specifies the method and subject matter of the misrepresentation.[6]

Specifically, Plaintiff alleges:

> CYR and his wholly owned enterprise OSI *induced* KEY to enter into a Post Judgment Agreement . . . .
>
> The breach of the agreement, which would not have existed but for the *material misrepresentations* and omissions by CYR . . . .

(ECF No. 29 at ¶ 2.04) (emphasis added).

Yet, Plaintiff also argues:

> In other words, the request for attorneys' fees *stem from the same basis as the claim*—a breach of contract claim. While the cause of action may be mixed, the claim asserted by KEY against CYR stems from the breach of the contract

---

[5] In Texas, a common-law fraud claim requires: "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury.'" *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015). Alternatively, "fraudulent inducement is a distinct category of common-law fraud that shares the same elements but involves a promise of future performance made with no intention of performing at the time it was made." *Id.* Regarding fraudulent inducement, the Fifth Circuit has stated:

> [F]raudulent inducement claims require plaintiff to prove a misrepresentation; that defendant knew the representation was false and intended to induce plaintiff to enter into the contract through that misrepresentation; that plaintiff actually relied on the misrepresentation in entering into the contract; and that plaintiff's reliance led to plaintiff to suffer an injury through entering into the contract.

*Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012) (citing *Williams v. Dardenne*, 345 S.W.3d 118, 126 (Tex. App.—Houston [1st Dist.] 2011, *pet. denied*)).

[6] Under § 523(a)(2)(B) the "method" of committing the material misrepresentation is through a written statement, and the "subject matter" of the misrepresentation must be the Debtor's financial condition.

> evidenced by the PJA and collection efforts for the breach in a non-bankruptcy context would entitle KEY to recovery of its attorneys' fees.

(ECF No. 29 at ¶ 2.04) (emphasis in original).

Plaintiff's argument contains two fundamental flaws: (1) the purported "basis" of Plaintiff's claims and sole means of recovering attorney's fees sound in breach of contract—a theory of liability Plaintiff fails to plead; and, (2) Plaintiff's hypothetical "non-bankruptcy context" does not exist, and even if it did, runs afoul of Texas law.

There is no question Plaintiff has not pled a claim for breach of contract and therefore cannot take advantage of the fee shifting provision under Tex. Civ. Prac. & Rem. Code § 38.001(8). Moreover, Plaintiff lacks incentive to bring a breach of contract claim for two reasons. First, a mere breach of contract is not a basis for denying dischargeability under § 523. Second, any judgment rendered by the Court would become subject to discharge as a general unsecured claim. Accordingly, even assuming Plaintiff: (1) pursued a claim in a Texas State Court in a "non-bankruptcy context" for breach of the PJA, (2) prevailed, and (3) was awarded attorney's fees under Tex. Civ. Prac. & Rem. Code § 38.001(8), nothing could stop Defendant from discharging Plaintiff's hypothetical judgment and attorney's fees in bankruptcy. Nevertheless, if Plaintiff were to pursue a common law fraudulent inducement claim or common law fraud claim in a hypothetical "non-bankruptcy context"—claims that are arguably not dischargeable before this Court under other subsections of § 523—Plaintiff would have no right to recover its attorney's fees in prosecuting those fraud-based claims. *See **Tony Gullo Motors I, L.P.*** 212 S.W.3d at 310 (acknowledging that attorney's fees are not recoverable for common law fraud claims); *see also **In re Kirk***, 525 B.R. at 334 ("[S]ection 38.001 does not provide for attorney's fees in actions based

in tort or fraud."). The real issue arises when a plaintiff pursues and prevails on a claim for a single and indistinct injury under breach of contract and fraud.

Here, Plaintiff attempts to bootstrap attorney's fees under a breach of contract cause of action to a nondischargeability action under the Bankruptcy Code—a maneuver unavailable in Texas Courts. Nevertheless, even if Plaintiff attempted to bootstrap attorney's fees for breach of contract claims onto a common law fraud claim, the results would be the same. In Texas, attorney's fees are generally not recoverable in a fraud claim, even when the fraud arose from a breach of contract. *See* **MBM Fin. Corp. v. Woodlands Operating Co.**, 292 S.W.3d 660, 667–68 (Tex. 2009) ("[E]ven if the [plaintiff's] fraud claim arose from a breach of contract, that is no basis for an attorney's fee award."); **Bus. Staffing, Inc. v. Jackson Hot Oil Serv.**, 401 S.W.3d 224, 243 (Tex. App.—El Paso 2012, pet. denied). Accordingly, because Plaintiff lacks a statutory or contractual basis under which attorney's may be recovered under its sole remaining claim for nondischargeability, the Court finds Defendant's motion is GRANTED.

## CONCLUSION

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Steven Jeffery Cyr's Motion For Judgment On The Pleadings (ECF No. 28) is GRANTED.

All other counts, causes of action, and affirmative defenses not expressly granted or denied are RESERVED for trial.

SO ORDERED.

# # #